**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

VICTOR ALFONSO SEBREROS-
CASTRO,

      Defendant - Appellant.

No. 12-4051
(D.C. No. 2:10-CR-00864-DS-2)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, and **BALDOCK**, Circuit Judges, and **JOHNSON**[**], District Judge.[***]

      Defendant-Appellant Victor Alfonso Sebreros-Castro entered a conditional

plea of guilty to one count of possession of methamphetamine with intent to

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

      [**] The Honorable William P. Johnson, United States District Court, District of New Mexico, sitting by designation.

      [***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

distribute, 21 U.S.C. § 841(a)(1), reserving the right to appeal the denial of his motion to suppress. He was sentenced to 87 months' imprisonment and 4 years' supervised release. On appeal, Mr. Sebreros-Castro argues that the district court erred in failing to suppress the incriminating statements he made after the unlawful entry of his apartment. The problem in this case is that an arrest warrant was issued using a search warrant template. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Background

On September 2, 2010, a Utah Highway Patrol (UHP) trooper learned from an FBI agent that a silver BMW, traveling Southbound through Tremonton, Utah, was suspected of transporting narcotics. III R. 11–12. The trooper located the BMW, gave pursuit, and stopped the vehicle for speeding. Id. at 14–15. Mr. Sebreros-Castro and Abel Beltran-Lopez were inside the BMW, and neither had proper identification. Id. at 16. After a consensual search of the vehicle revealed no contraband, the trooper let the occupants leave but impounded the vehicle. Id. at 95; Aplt. Br. 4.

Several days later, DEA agents informed another UHP trooper that, according to a confidential source, Mr. Sebreros-Castro had been delivering methamphetamine when he was stopped on September 2, and that one to two pounds of methamphetamine were inside the vehicle. Aplee. Br. 2–3. Troopers

again searched the impounded vehicle, and found one pound of methamphetamine hidden in the vehicle's gas tank. Id. at 3.

On September 9, 2010, the trooper obtained a warrant via Utah's e-Warrant System. III R. 32–33. At the suppression hearing held March 17, 2011, the trooper explained that Utah's electronic warrant system

> is an already-designed warrant that you go in under their blocks that are presented, you fill out the pertinent information, you submit that information, it goes to review it through an attorney, and then submit it to a judge, and the on-call judge at the time reviews the information, approves or denies that warrant, and submits it back through the system, which notifies me whether it was approved or not, which allows me to then print off the warrant from the field.

Id. at 33. He testified that he followed these steps on September 9, and received back a copy of the warrant, "[t]he purpose of [which] was an arrest warrant for the two individuals located on the premises described in th[e] warrant." Id. at 32–33. The warrant, however, was captioned "Search Warrant No. 1055531." II R. 4. By its text alone, the warrant seemed to authorize a search of the premises for an "Arrest Warrant for . . . Victor Alfonso Sebreros Castro." Id. The accompanying affidavit was also captioned "Affidavit for Search Warrant." Id. at 7. However, the affidavit indicated that its purpose was "to establish probable cause for the Arrest of . . . Victor Alfonso Sebreros Castro." Id. at 9.

The trooper entered the specified premises with the warrant and arrested Mr. Sebreros-Castro. III R. 36. Following arrest, Mr. Sebreros-Castro made incriminating statements during a police-initiated interview. Id. at 48–52.

Before the district court, Mr. Sebreros-Castro moved to suppress all evidence obtained from the initial traffic stop and the unlawful entry of his apartment, including his incriminating statements. United States v. Sebreros-Castro, No. 2:10CR864 DS, 2011 WL 5325291, at *1 (D. Utah Nov. 3, 2011). The court denied the motion on all grounds. Id. at *4. With respect to Mr. Sebreros-Castro's argument that the trooper unlawfully entered his apartment, the court held that the trooper acted pursuant to a valid arrest warrant because "there was probable cause for a warrant and th[e] warrant was properly issued by the appropriate authority." Id. at *3. The court found that the warrant "had the purpose to be an arrest warrant," even though it was "improperly labeled as 'Search Warrant 1055531,'" and that "a reasonable person would read the warrant as an arrest warrant mistakenly formatted in the template of a search warrant." Id. at *1–3. Mr. Sebreros-Castro timely appealed. I R. 82.

Discussion

When reviewing a district court's denial of a motion to suppress, we view the evidence in the light most favorable to the prevailing party and we accept the district court's factual findings unless they are clearly erroneous. United States v. Ruiz, 664 F.3d 833, 838 (10th Cir. 2012). We review de novo the ultimate determination of reasonableness under the Fourth Amendment. Id.

On appeal, Mr. Sebreros-Castro argues that his incriminating statements

- 4 -

should be suppressed because the trooper unlawfully entered his apartment. Aplt. Br. 6. He specifically contends that the district court erred in construing the defective search warrant as a valid arrest warrant. Id. at 6–11. We disagree.

As the district court noted, the requirements of the Fourth Amendment, "like all constitutional requirements, are practical and not abstract." United States v. Ventresca, 380 U.S. 102, 108 (1965). We have held that "practical accuracy rather than technical precision" controls whether a warrant is valid. United States v. Ortega-Jimenez, 232 F.3d 1325, 1328 (10th Cir. 2000) (quoting United States v. Simpson, 152 F.3d 1241, 1248 (10th Cir. 1998)). The district court thus concluded that "the warrant was obviously intended to be an arrest warrant." Sebreros-Castro, 2011 WL 5325291, at *3. Any other interpretation—e.g., that the warrant authorized a search of the residence *for* an arrest warrant—makes little practical sense. Such an interpretation also contradicts the trooper's testimony, which the district court credited, that "[t]he purpose of th[e] warrant was an arrest warrant." III R. 32; see Sebreros-Castro, 2011 WL 5325291, at *1 ("The warrant . . . had the purpose to be an arrest warrant . . . .").

The government suggests that, pursuant to our decisions in Ortega-Jimenez and Simpson, we may look to the unincorporated affidavit to clarify that the purpose of the warrant was to arrest Mr. Sebreros-Castro. Aplee. Br. 8–12. Mr. Sebreros-Castro disagrees, arguing that the government has misconstrued Ortega-

<u>Jimenez</u> and <u>Simpson</u>, and that these decisions allow us to look to an unincorporated affidavit to clarify a *term within* a warrant, but not the *warrant itself*. Aplt. R. Br. 2–6. We are unable to find support for the distinction Mr. Sebreros-Castro draws. However, we need not reach this point because, as discussed above, a "practical" reading supports the district court's conclusion.

Mr. Sebreros-Castro also argues that the warrant fails to particularize the item, i.e. himself, to be seized. Aplt. Br. 11. Here, Mr. Sebreros-Castro cites <u>Groh v. Ramirez</u>, 540 U.S. 551, 558 (2004), where the Supreme Court invalidated a search warrant for failing to specify the items to be seized within a house. We again disagree, and find that <u>Groh</u> weighs in the government's favor. In order to comply with the Fourth Amendment, a warrant must "contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty." Fed. R. Crim. P. 4(b)(1)(A). This requirement was met because the arrest warrant, although based on a search warrant template,[1] includes Mr. Sebreros-Castro's name *and* date of birth. <u>See</u> II

---

[1] The government observes that

> [t]here is no question that the form of the warrant in this case was ill-suited to an arrest warrant. It was the product of an e-warrant system that uses a pre-designed search warrant template and only allows officers to modify information in designated fields. Given the inflexibility of the system, state officers would be better served by seeking a traditional warrant, rather than attempting to shoehorn an arrest warrant into an e-warrant designed for searches.

R. 4.  Moreover, in <u>Groh</u>, the Court distinguished between "a mere technical mistake or typographical error" and a warrant that "did not describe the items to be seized *at all*," 540 U.S. at 558, and as indicated above, the error here was in the nature of a "technical mistake."

Finally, for the first time in his reply brief, Mr. Sebreros-Castro contends that, even if construed as an arrest warrant, the warrant was invalid because there was no probable cause to believe that he committed a crime.  Aplt. R. Br. 6–9.  Mr. Sebreros-Castro urges us to find that he raised this point in his opening brief, <u>id.</u> at 6, but a careful review confirms that the only discussion of probable cause relates to the lack of probable cause to believe that an arrest warrant would be found *within* the premises.  <u>See</u> Aplt. Br. 9.  We therefore find this argument waived.  <u>Toevs v. Reid</u>, 685 F.3d 903, 911 (10th Cir. 2012).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

Aplee. Br. 8.  To the extent that a search warrant template is being used to craft applications for arrest warrants without modification, we agree.